PELTON v PELTON

Docket No. 93354. Submitted October 7, 1987, at Lansing. Decided
March 8, 1988.

Colleen P. Pelton brought an action for divorce from James R.
Pelton in Saginaw Circuit Court. While the Peltons had been
married thirty-one years, they had been separated for ten years
prior to the divorce pursuant to an agreement whereby defen-
dant made a $160 per week payment to defendant as well as
paying her mortgage and utility payments and providing her
with health insurance and an automobile. Defendant owned
two closely held corporations and had an income of $80,000 per
year. Following a six-day bench trial, the trial court, Robert S.
Gilbert, J., awarded assets valued at $317,000 to plaintiff,
awarded assets valued at $664,000 to defendant and ordered
defendant to pay alimony in the amount of $2,000 a month to
plaintiff until further order of the court "based on change in
circumstances of either of the parties." Plaintiff appealed.
Defendant cross-appealed.

The Court of Appeals *held:*

1. The findings of the trial court relative to the value of the
two corporations owned by the defendant were within the
range of the valuations of the expert witnesses and those
findings cannot be said to be clearly erroneous.

2. The division of property was equitable under the circum-
stances, especially in view of the alimony award.

3. It was not an abuse of discretion for the trial court to
make the alimony award open-ended in duration and subject to
modification upon a showing of a change of circumstances

REFERENCES

Am Jur 2d, Divorce and Separation §§ 624 *et seq.*; 675, 864 *et seq.*;
915-929, 937-942.

Divorce and separation: excessiveness or adequacy of trial court's
property award—modern cases. 56 ALR4th 12.

Necessity that divorce court value property before distributing it.
51 ALR4th 11.

Divorce: excessiveness or adequacy of combined property division
and spousal support awards—modern cases. 55 ALR4th 14.

Divorce: power of court to modify decree for alimony or support of
spouse which was based on agreement of parties. 61 ALR3d 520.

rather than making the award in a fixed amount for a fixed period subject only to termination by death or remarriage.

4. The level of alimony was fair and reasonable and within defendant's ability to pay.

Affirmed.

1. DIVORCE — VALUATION OF ASSETS — FINDINGS OF FACT — APPEAL.

A trial court's valuation of an asset for the purpose of division of property in a divorce is a finding of fact which the Court of Appeals will overturn only if the trial court's determination is clearly erroneous; a finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed.

2. DIVORCE — DIVISION OF PROPERTY.

Division of property upon divorce does not require an equal division of property, and there is no mathematical formula that governs the division; rather than mathematical precision, the goal is to fashion a fair and equitable division of the property in light of all the circumstances; in making a division of property, the trial court must examine the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances.

3. DIVORCE — ALIMONY.

It is not an abuse of discretion for a trial court to make an open-ended award of periodic alimony subject to modification upon a change in circumstances rather than make an award of alimony payable in a fixed amount for a fixed period subject only to death or remarriage.

*LeFevre, Swartz & Wilson* (by *John J. Swartz*), for plaintiff.

*Smith & Brooker, P.C.* (by *B. J. Humphreys*), for defendant.

Before: J. B. SULLIVAN, P.J., and H. HOOD and M. E. CLEMENTS,* JJ.

M. E. CLEMENTS, J. Plaintiff, Colleen Pelton, appeals from a judgment of divorce entered June 2,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

1986. Following a six-day bench trial, the trial court made findings of fact, granted an absolute judgment of divorce, ordered the distribution of property, and awarded alimony to plaintiff. Defendant, James Pelton, cross-appeals.

The parties were married on April 16, 1955. At the time of the marriage, plaintiff was twenty-three years of age, while defendant was thirty years of age. Three children were born during the marriage, all of whom reached the age of majority prior to the divorce action. At the time of trial, plaintiff was age fifty-three and defendant age sixty-one.

The parties entered into a separation agreement in 1976, which provided for a $160 per week payment to plaintiff with defendant also making the mortgage and utility payments and providing for plaintiff's hospitalization insurance and automobile.

Plaintiff did not graduate from high school and, since the marriage, did very little work outside of the home. She became depressed and began drinking alcohol excessively after the birth of their youngest child. She admitted to frequenting bars in the afternoon and not returning home on occasion for days at a time.

Defendant worked long hours in his business and promptly paid for plaintiff's expenses during their separation. He had no dispute with paying alimony as part of the judgment of divorce.

In deciding the case, the trial court awarded assets valued at approximately $317,000 to plaintiff and assets valued at approximately $664,000 to defendant. The court acknowledged that defendant received more than twice as much as plaintiff, but indicated that plaintiff had engaged in a long continued course of conduct that led to the breakdown in the marriage and would not be rewarded

for that conduct. The trial court also indicated that the parties were separated for the last ten years of this marriage and that plaintiff's contribution to the marital estate had thereafter been minimal.

Because defendant's 1984 W-2 federal tax form indicated an income of approximately $80,000, the trial court awarded alimony in the amount of $2,000 per month or $24,000 per year. In addition, defendant was required to maintain hospitalization coverage for the benefit of plaintiff.

The first issue we consider on appeal is whether the trial court's valuation of marital assets, and in particular the valuation of defendant's stock in two corporations, was erroneous. Defendant owned a fifty-percent interest in two closely held corporations. Each party presented expert testimony as to the value of these business interests. An unaccepted offer to purchase the businesses by the co-owner of these corporations was also considered in arriving at the valuation of $375,000 for defendant's stock. A trial court's valuation of an asset is a finding of fact that this Court will reverse only if found to be clearly erroneous. *Kowalesky v Kowalesky,* 148 Mich App 151; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986). A finding is "clearly erroneous" if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

The valuation of stock in a closely held corporation is often a difficult task. The trial court may, but is not required to, accept either parties' valuation evidence. Here, the trial court rejected both expert opinions and arrived at a figure which provided a higher valuation than that outlined in a buy-sell agreement and that of defendant's ex-

pert, but significantly lower than the valuation of plaintiff's expert. A review of other cases where marital assets were valued between divergent estimates given by expert witnesses indicates that the trial court has great latitude in arriving at a final figure. *Mitchell v Mitchell,* 333 Mich 441; 53 NW2d 325 (1952); *Greenough v Greenough,* 354 Mich 508; 93 NW2d 391 (1958); *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972). The trial court had the best opportunity to view the demeanor of the witnesses and weigh their credibility. There was no error in its valuation of marital assets.

The next question to consider is whether there was an abuse of discretion in the division of the assets. An equal division of property is not required, and no mathematical formula governs the division. *Christofferson v Christofferson,* 363 Mich 421; 109 NW2d 848 (1961). Rather than mathematical precision, the goal is to fashion a fair and equitable division of property in light of all of the circumstances. *Greaves v Greaves,* 148 Mich App 643; 384 NW2d 830 (1986); *Bone v Bone,* 148 Mich App 834; 385 NW2d 706 (1986). In *Vance v Vance,* 159 Mich App 381; 406 NW2d 497 (1987), this Court reviewed several factors a trial court must examine when dividing marital property: the duration of the marriage, the parties' contributions to the marital estate, the parties' station in life and earning abilities, fault or past conduct, and other equitable circumstances which may exist. Although the property division in this case was not equal, it was equitable, especially in light of the alimony award.

Next, plaintiff claims that the alimony award was an abuse of discretion in that there was no definite period of duration for these payments. In addition to the rather standard provisions for

termination of alimony upon either party's death or remarriage, there is a proviso in the divorce judgment that the alimony award is subject to the "further order of this Court based on change in circumstances of either of the parties." Plaintiff fears that defendant may manipulate his earnings in an attempt to avoid payments. Defendant cross-appeals from the alimony provision, claiming that the award of $2,000 per month is excessive in light of his age and business prospects.

An award of alimony is within the trial court's discretion. *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983). This Court reviews an alimony order de novo, but will not modify an award unless convinced that, had it been in the position of the trial court, it would have reached a different result. *Parrish v Parrish,* 138 Mich App 546; 361 NW2d 366 (1984).

The order in this case allows flexibility in determining the possibility of changed circumstances. The trial court is in the best position to consider if, and what, modification in the alimony order may be necessary in the future. While defendant's control of his income is greater than that of others who may be employed by larger corporations, the burden of proving a change of circumstances is on the party seeking a modification. In addition, there is the possibility that plaintiff may seek an increase should the facts warrant such action hereafter. In *McCallister v McCallister,* 101 Mich App 543; 300 NW2d 629 (1980), this Court held that an alimony award without any mechanism for modification due to a change of circumstances constituted an abuse of discretion. Under the facts of this case, there was no abuse of discretion.

The last matter to decide is whether the alimony award is excessive and should be reduced. The factors to consider in determining this ques-

tion are set out in *Hatcher, supra.* Here, the parties' ages, income and assets are such that $2,000 per month is not excessive. This will allow each party to maintain their standard of living and is fair and equitable. Alimony should be paid to plaintiff on a regular basis and should not be subject to defendant's claim of hardship in that bonuses are paid to him when "appropriate and possible." Defendant's annual income is sufficient to pay this alimony amount on a monthly basis, and he shall have to set his financial priorities with this in mind. The stay of execution of the alimony order by the trial court is set aside.

Affirmed.