TOMBLINSON v TOMBLINSON

Docket Nos. 111364, 114800. Submitted January 9, 1990, at Detroit. Decided May 7, 1990.

William G. Tomblinson brought an action in Oakland Circuit Court seeking a divorce from Margaret Tomblinson. The parties consented to the entry of a judgment which in part required plaintiff to pay defendant alimony of $43,200 over a ten-year period and allowed plaintiff to retain full rights to his military pension. In subsequent rulings the court, Norman L. Lippitt, J., denied a motion by plaintiff to reduce alimony, granted a motion by defendant to modify the property settlement so as to grant her a twenty-five percent interest in plaintiff's military pension, and ordered plaintiff to pay $1,250 of defendant's attorney fees. Plaintiff appealed and defendant, seeking a greater share in plaintiff's military pension, cross appealed.

The Court of Appeals *held:*

1. The award of alimony in this case was for periodic alimony, not alimony in gross. As such it was subject to modification by the trial court. Under the circumstances in this case, the trial court did not err in denying plaintiff's motion for a reduction in alimony.

2. The property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified. However, as with all final judgments, a party may seek relief from the property settlement provisions of a divorce judgment under MCR 2.612(C). Here, the trial court, in granting defendant relief from the property settlement provisions of the divorce judgment for reasons other than those enumerated in MCR 2.612(C), abused its discretion. Such relief detrimentally affected substantial rights of plaintiff, and there was a lack of extraordinary circumstances in support of a grant of relief from the judgment. Additionally, defendant's motion for relief from the judgment

REFERENCES

Am Jur 2d, Divorce and Separation §§ 586, 591, 625, 630, 635, 704, 909, 958.

See the Index to Annotations under Alimony; Property Settlement.

was not made within a reasonable time as required by MCR 2.612(C)(2).

3. The trial court did not abuse its discretion in awarding defendant with attorney fees.

Affirmed in part and reversed in part.

1. Divorce — Alimony — Modification of Alimony.

An award of periodic alimony may be modified by a trial court upon a showing of a change of circumstances; an award of alimony in gross cannot be modified absent a showing of fraud (MCL 552.28; MSA 25.106).

2. Divorce — Alimony — Alimony in Gross — Periodic Alimony.

The Court of Appeals, in determining whether an alimony provision is deemed to be in gross or periodic, construes the agreement to give effect to the parties' intent as expressed in the agreement.

3. Divorce — Alimony — Appeal.

An award of alimony is discretionary with the trial court and the Court of Appeals will not modify an alimony award unless it is convinced that, sitting in the trial court's position, it would have reached a different result.

4. Divorce — Property Settlements — Relief from Judgment.

The property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified; however, as with all final judgments, a party may seek relief from the property settlement provisions of a divorce judgment under MCR 2.612(C); to obtain relief under the provision for relief for any reason not enumerated in the court rule, but one which would justify relief, the substantial rights of the opposing party must not be detrimentally affected and extraordinary circumstances must exist; the grant or denial of such relief rests in the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion (MCR 2.612[C][1][f]).

5. Divorce — Attorney Fees.

A trial court, at its discretion, may award necessary and reasonable attorney fees to enable a party to carry out or defend a divorce action; a trial court's award of attorney fees will not be disturbed on appeal absent an abuse of discretion (MCR 3.206[A]).

*Eugene Lumberg,* for plaintiff.

*John A. Kaichen,* for defendant.

Before: DOCTOROFF, P.J., and MCDONALD and JANSEN, JJ.

DOCTOROFF, P.J. This consolidated appeal arises out of several orders entered by the Oakland Circuit Court following a consent judgment of divorce. In Docket No. 111364, plaintiff appeals the trial court's order denying his motion to modify alimony and granting defendant's motion to modify the property settlement so as to grant defendant a twenty-five percent interest in plaintiff's military pension. Defendant cross appeals the property settlement modification, seeking a greater percentage of plaintiff's pension. In Docket No. 114800, plaintiff appeals the trial court's order obligating him to pay $1,250 of defendant's attorney fees. We affirm in part and reverse in part.

The parties were married in 1959, had two children, both of whom are now adults, and were divorced June 20, 1982. During the marriage, plaintiff joined the United States Army and served twenty-two years before his retirement in 1984. Defendant worked sporadically throughout the marriage, but the majority of her time was spent raising the children and managing the household.

Plaintiff filed his complaint for divorce on May 29, 1981. Shortly thereafter, on June 26, 1981, the United States Supreme Court issued its opinion in *McCarty v McCarty,* 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), holding that a military pension was not divisible as a marital asset upon divorce. On September 8, 1982, Congress passed remedial legislation, entitled the Uniform Services Former Spouses Protection Act, 10 USC 1408 *et seq.,* effective February 1, 1983, and made retroactive to the day before *McCarty* was decided.

In May, 1982, at the request of defendant's

counsel, plaintiff's pension was valued by the accounting firm of Plante & Moran at $307,558. Also in May, 1982, defendant's counsel wrote to plaintiff's counsel to inquire whether, in view of the pending legislation which was designed to remedy *McCarty* and which would give plaintiff "potentially significant exposure," plaintiff would be willing to negotiate an economic benefit to defendant over and above the award recommended by the mediator.

The consent judgment gave defendant alimony of $43,200 over a ten-year period ($400 per month for two years and $350 per month for eight years). Each party was given half of the equity in the marital home and half of the value of real estate in Virginia. In addition, defendant received the cash value of various insurance policies in the amount of approximately $7,000 and the parties' stock valued at approximately $1,000. Plaintiff received his military pension and was ordered to pay $650 per month in child support.

On July 17, 1987, plaintiff filed his motion to modify alimony. On December 9, 1987, defendant filed her motion for relief from the judgment of divorce pursuant to MCR 2.612(C)(1)(f). At the evidentiary hearing which followed, there was testimony that the predecessor trial judge told defendant's attorney that plaintiff's military pension would not be considered as part of the marital assets because of *McCarty*. There was conflicting testimony as to whether, during the divorce negotiations, concessions were made in lieu of division of the pension. After he retired from the military in 1984, plaintiff began his employment as program manager for Cadillac Gage Corporation earning $42,000 per year. He also received $1,700 per month from his military pension. Defendant testified that she first learned of the pending legisla-

tion regarding the *McCarty* decision in February, 1982, but was unaware that the legislation would be retroactive. She first learned that the act had been passed in the summer of 1987. Her net income in 1987 was $15,000, excluding alimony, and her living expenses were $28,000. At the time the divorce judgment was signed in June, 1982, defendant's income was $2,000.

Plaintiff first claims that the trial court abused its discretion in denying his motion to reduce alimony. We disagree.

Although the circuit court has the authority to modify an alimony award upon a showing of a change in circumstances, MCL 552.28; MSA 25.106, an exception exists for alimony in gross which cannot be modified absent a showing of fraud. *Turner v Turner,* 180 Mich App 170, 172; 446 NW2d 608 (1989). In determining whether an alimony provision provides for alimony in gross or periodic alimony, this Court generally construes the agreement to give effect to the parties' intent expressed in that agreement. *Id.* This Court has taken different approaches in determining whether alimony is periodic or in gross. *Id.,* pp 172-173. This Court will not modify a trial court's discretionary award of alimony unless convinced that it would have reached a different result. *McNamara v McNamara,* 178 Mich App 382, 388; 443 NW2d 511 (1989).

In this case, the consent judgment of divorce provided:

> 8. IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff husband shall pay to the Defendant wife, through the Office of the Friend of the Court for the County of Oakland, the sum of Three Hundred Fifty ($350.00) Dollars per month, until the Defendant wife's death, the Defendant's remarriage, the

expiration of ten years from the date of this Judgment, *or until the further Order of this Court,* provided, however, that alimony for the first two years shall be in the amount of Four Hundred ($400.00) Dollars per month. [Emphasis added.]

We conclude that, because the decree provided alimony until further order of the court, the parties intended periodic alimony. Thus, the trial court had the authority to modify that alimony. We also conclude that the trial court correctly denied plaintiff's motion to reduce alimony. Defendant's total income was less than $20,000 and she had expenses of $28,000. Plaintiff's income was in excess of $60,000 per year. The trial court did not err in denying plaintiff's motion to reduce alimony.

Plaintiff next claims that the trial court erred in granting defendant's motion to reopen the property settlement. We agree.

The property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified. *Zeer v Zeer,* 179 Mich App 622, 624; 446 NW2d 328 (1989). However, as with all final judgments, a party may seek relief from the property settlement provisions of the divorce judgment under MCR 2.612(C). *Id.,* pp 624-625. That subrule provides in pertinent part:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(f) Any other reason justifying relief from the operation of the judgment.

This Court has held that MCR 2.612(C)(1)(f) will

be applied only where the substantial rights of the opposing party are not detrimentally affected and where extraordinary circumstances exist. *Mikedis v Perfection Heat Treating Co,* 180 Mich App 189, 198; 446 NW2d 648 (1989); *Zeer, supra,* p 625. Further, a trial court's decision concerning subrule (f) is discretionary and will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Mikedis, supra,* p 198.

In this case, we conclude that the trial court abused its discretion in reopening the property settlement. First, the substantial rights of the opposing party, plaintiff in this case, are detrimentally affected by the trial court's decision to reopen the property settlement and grant a percentage of plaintiff's pension to defendant. Further, extraordinary circumstances do not exist to mandate setting aside the consent judgment of divorce. It appears that in the divorce negotiations, concessions were made in lieu of plaintiff's pension. The judgment provided that defendant was to receive alimony for a ten-year period, the cash value of the insurance policies owned by the parties and the stock owned by the parties. The real estate was evenly split. Further, it is clear that both defendant and her attorney knew of the pending legislation. Defendant was represented by counsel and entered into a consent judgment of divorce.

Even if the substantial rights of the opposing party would not be detrimentally affected, and even if extraordinary circumstances did exist to mandate setting aside the judgment, we conclude that defendant's motion for modification does not fall within the "reasonable time" requirement of MCR 2.612(C)(2). Defendant admitted that she was aware of the pending legislation as early as February of 1982. However, she waited until December of 1987, five years after the entry of her consent

judgment of divorce, and, not insignificantly, five months after plaintiff had filed his motion to modify alimony.

Plaintiff next claims that the trial court erred in awarding defendant $1,250 in attorney fees. We disagree. Necessary and reasonable attorney fees may be awarded to enable a party to carry on or defend a divorce action. *Atkinson v Atkinson,* 160 Mich App 601, 612; 408 NW2d 516 (1987), lv den 429 Mich 884 (1987); MCR 3.206(A). A trial court's award of attorney fees will not be disturbed on appeal absent an abuse of discretion. *Atkinson, supra,* p 612.

In this case, we find no abuse of discretion. Defendant testified that her net income was $15,000, excluding alimony, and her living expenses were $28,000. There was no abuse of discretion in the award of attorney fees.

Affirmed in part and reversed in part. We do not retain jurisdiction.