## VOLLMER v VOLLMER

Docket No. 112475. Submitted July 12, 1990, at Lansing. Decided December 11, 1990; approved for publication March 13, 1991, at 9:05 A.M.

Susan B. and William A. Vollmer were granted a judgment of divorce in the Genesee Circuit Court, Philip C. Elliott, J. William Vollmer appealed, alleging that the court erred in determining that certain shares of unvested stock should be considered part of the marital estate and in awarding attorney fees to Susan Vollmer.

The Court of Appeals *held:*

1. The annual vesting of a portion of the stock makes it an annuity payable to or on behalf of William Vollmer on account of employment service credit accrued by him during the marriage. Because he obtained his rights in the unvested stock as a bonus when he transferred employment and the bonus accrued during the parties' marriage, the court properly considered it to be part of the marital estate under MCL 552.18(2); MSA 25.98(2).

2. The award of attorney fees was justified because of the disparity in the parties' economic positions.

Affirmed.

1. Words and Phrases — Annuities.

An annuity includes the annual payment of an allowance or income or the right to receive this payment.

2. Divorce — Marital Estates — Pension, Annuity, or Retirement Benefits.

Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered by a court in a divorce action,

References

Am Jur 2d, Divorce and Separation §§ 880, 901, 905, 906.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

where just and equitable, part of the marital estate subject to award (MCL 552.18[2]; MSA 25.98[2]).

*Terry J. Adler,* for the defendant.

Before: BRENNAN, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. Defendant-husband appeals as of right from the property division contained in the parties' judgment of divorce, as well as the trial court's decision to award attorney fees to plaintiff-wife. We affirm.

Defendant first challenges the trial court's determination that 336 shares of unvested General Motors stock should be considered part of the marital estate. Defendant's testimony indicates that he acquired the stock as a bonus when he transferred employment from General Motors to EDS 3½ years before the parties' divorce. He described the payout as follows:

I receive one-tenth of [the shares] every year, and half of those—one-[twentieth] of that are unvested. The other [one-twentieth] are vested. So I have to in essence—it will take 20 years to get them out.

MCL 552.18(2); MSA 25.98(2) provides:

Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered part of the marital estate subject to award by the court under this chapter where just and equitable.

In this case, the annual vesting of a portion of the stock would seem to put it within the "annu-

ity" class in the statute. The plain meaning of "annuity" includes (1) the annual payment of an allowance or income or (2) the right to receive this payment. See *The American Heritage Dictionary of the English Language* (1973), p 54.

We are of the opinion that defendant's rights in the unvested stock/annuity must be considered to be payable to him "on account of service credit accrued by [him] during marriage." Defendant obtained his rights in the unvested stock as a bonus sometime in early 1985. Because the bonus accrued during the parties' marriage, the trial court properly considered it to be part of the marital estate under MCL 552.18(2); MSA 25.98(2). Defendant's reliance on *Kilbride v Kilbride,* 172 Mich App 421; 432 NW2d 342 (1988), in this regard is misplaced, because *Kilbride* dealt with vested rights and a different statutory provision.

With regard to the award of attorney fees in the amount of $1,500 in favor of plaintiff, we find that the trial court did not abuse its discretion in making the award. It has long been the general rule that a trial court possesses broad discretion relative to the allowance of attorney fees in a divorce case. *Curylo v Curylo,* 104 Mich App 340, 352; 304 NW2d 575 (1981). Here, defendant's annual income is nearly triple that of plaintiff's. Given the disparity in the parties' economic positions and plaintiff's consequent inability to adequately fund attorney fees, the award was justified.

Affirmed.