DEMMAN v DEMMAN

Docket No. 109852. Submitted January 7, 1992, at Detroit. Decided
July 20, 1992, at 9:25 A.M. Leave to appeal sought.

Janelle T. Demman was divorced from Robert A. Demman in the
Monroe Circuit Court, James J. Kelley, J., and was awarded
alimony, attorney fees, and a share of the defendant's inheri-
tance as part of the division of the marital property. The
defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in awarding
alimony. The award was just and reasonable under the circum-
stances of this case.

2. The trial court did not abuse its discretion in considering
the defendant's inheritance to be part of the divisible marital
estate. An inheritance may be treated as part of a marital
estate where failure to consider such property would result in
an award that is insufficient to maintain either party.

3. The trial court did not abuse its discretion in awarding
attorney fees to the plaintiff.

4. The trial court's division of the marital estate was fair and
equitable, being nearly equal for the parties when the inheri-
tance is considered.

Affirmed.

MICHAEL J. KELLY, P.J., dissenting in part, stated that the
trial court abused its discretion in including the defendant's
inheritance as part of the marital estate and in awarding
attorney fees to the plaintiff because the inclusion of the
inheritance was unnecessary for the maintenance of the plain-
tiff's living standard and, as much as possible, parties should be
responsible for their own attorney fees.

*Ready, Sullivan & Ready* (by *Durward L. Hutch-
inson*), for the plaintiff.

*Stephen J. Borowski,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and JANSEN and
T. J. LESINSKI,* JJ.

JANSEN, J. Defendant, Robert Anthony Dem-
man, appeals as of right from the June 3, 1988,
judgment of divorce entered by the Monroe Circuit
Court. After review of the record, we affirm.

Defendant contends that the award of alimony
to plaintiff was improper because she makes more
money than him, has more seniority on the job,
has a house payment roughly one-half the size of
his rent payment, and because plaintiff is likely
cured of cancer, thereby obviating the necessity of
awarding alimony to cover future medical expen-
ses or loss of income due to the illness. Defendant
contends that the award of alimony was punitive.
We disagree with defendant.

An award of alimony is within the trial court's
discretion. *Pelton v Pelton,* 167 Mich App 22, 27;
421 NW2d 560 (1988); *Ackerman v Ackerman,* 163
Mich App 796, 803; 414 NW2d 919 (1987). This
Court reviews an alimony order de novo, but will
not modify an award unless convinced that, had it
been in the position of the trial court, it would
have reached a different result. *Pelton,* p 27; *Ack-
erman,* p 804; *Burkey v Burkey (On Rehearing),*
189 Mich App 72, 79; 471 NW2d 631 (1991).

A court may award alimony in a divorce action
"as it considers just and reasonable," after consid-
ering the ability of either party to pay, the charac-
ter and situation of the parties, and all other
circumstances in the case. *Ackerman,* p 803. Sev-
eral relevant factors should be considered by the
court, including, but not limited to, the past rela-
tions and conduct of the parties, the length of the
marriage, the ability of the parties to work, the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

ages of the parties, the needs of the parties, the health of the parties, and general principles of equity. *Id.* In addition, a party's fault in causing the divorce is a valid consideration in awarding alimony. *Kurz v Kurz,* 178 Mich App 284, 295; 443 NW2d 782 (1989).

As the trial court noted, at the time it entered the judgment of divorce, plaintiff was forty-seven years old and defendant was forty-six years old. The marriage had lasted twenty-three years, during which time plaintiff mothered two children to adulthood. Defendant described plaintiff as a good wife and mother. Defendant was in apparent good health, while plaintiff undisputably was in poor health. Plaintiff's "health and future are precarious." Plaintiff had a "nightmarish" bout with cancer and it is certain that she will have to undergo further reconstructive procedures in the future. The marital relationship, combined with plaintiff's poor health, has taken an emotional toll on her as well.

Plaintiff worked six days a week while defendant went to college during the early years of their marriage. Plaintiff's earnings contributed substantially to defendant's obtaining a professional degree. Plaintiff returned to work three weeks after the birth of their first child, six weeks after the birth of their second child, and she continued to work throughout the marriage.

The trial court found that defendant's "actions and uncaring attitude caused the marital breakup." It is clear that defendant had at least one extramarital affair, and possibly a second. The record indicates that defendant had decided to go his own way after the children were raised. The trial court determined that an award of alimony was required to ensure the maintenance of plaintiff's prior standard of living. As the court noted:

"It is essential to plaintiff's well-being that the causes of acute anxiety in her remaining years be reduced."

Had we sat in the place of the trial court, we would not have reached a different conclusion regarding the award of alimony to plaintiff. The record supports the trial court's award of alimony to plaintiff, and its findings in this regard were not clearly erroneous. *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). Additionally, and contrary to defendant's assertion, the record is devoid of any evidence that the trial court awarded alimony to plaintiff as a punitive measure. There was no abuse of discretion in this regard. *Pelton, supra.*

Defendant next contends that consideration by the trial court of defendant's inheritance as a joint marital asset was inappropriate. Defendant argues that plaintiff did nothing to procure or preserve the inheritance, and the first distribution of assets comprising the inheritance came after plaintiff filed for divorce. We are of the opinion that, under the given facts of this case, it was within the trial court's discretion to include in its calculation of marital assets the disbursement of inheritance made to defendant in 1986.

In support of defendant's argument, he relies upon *Grotelueschen v Grotelueschen,* 113 Mich App 395; 318 NW2d 227 (1982). A reading of *Grotelueschen* indicates that the decision to include inheritance in the valuation of marital assets is discretionary and is dependent upon the particular circumstances of a given case. This Court, quoting from *Charlton v Charlton,* 397 Mich 84, 94; 243 NW2d 261 (1976), stated that an inheritance may be treated as part of the marital estate "if an award otherwise was insufficient to maintain either party." *Grotelueschen,* p 400.

In the present case, the trial court concluded

that plaintiff would be unable to maintain her standard of living without alimony, even under a property division that took into account approximately one-half of defendant's entire inheritance. Therefore, the trial court decided to include in the calculation of the marital estate only $150,000 of defendant's inheritance, which represents the value of disbursements made to defendant in 1986. Under the circumstances of this case, the inclusion of the $150,000 inheritance was necessary for the maintenance of plaintiff. We believe this to be a valid exercise of the court's discretion.

Defendant also claims that plaintiff was not entitled to an award of attorney fees. It has long been the general rule that a trial court possesses broad discretion relative to the grant of attorney fees in a divorce case. *Vollmer v Vollmer,* 187 Mich App 688, 690; 468 NW2d 236 (1991).

The trial court did not specifically state its reasons for believing that plaintiff should be awarded attorney fees in order to prosecute the litigation. However, the trial court did note that, in light of the property division that was made, it would not be fair to award to plaintiff the entire amount of attorney fees sought. The trial court then awarded plaintiff an amount that "would be fair."

It is our opinion that, on the basis of the evidence of plaintiff's monthly expenses and her need for alimony, the trial court properly exercised its discretion in this matter. *Vollmer, supra.* We find no error in the award of attorney fees to plaintiff.

Lastly, defendant contends that the trial court abused its discretion in awarding plaintiff seventy-four percent of the marital estate, while at the same time only awarding defendant twenty-six percent. We cannot agree with defendant. The division of marital assets in a divorce proceeding is

left to the sound discretion of the trial court. *Nielsen v Nielsen,* 179 Mich App 698, 699; 446 NW2d 356 (1989). Appellate review is de novo, and this Court will not substitute its judgment for that of the trial court unless it. is convinced that it would have reached a different result. *Burkey,* p 78.

Our review of the record indicates that the division of the marital estate is nearly equal on each side. Although removal of defendant's inheritance from consideration would skew the percentages in the fashion suggested by defendant, resort to such calculations by defendant is unavailing because we have determined that the inclusion of his inheritance in the property calculation was a valid exercise of the trial court's discretion.

The objective of a property settlement is to reach a fair and equitable division in light of all the circumstances. *Ackerman,* p 807; *Pelton,* p 26. No mathematical formula governs the division, and the division need not be equal, but only equitable. *Ackerman,* p 807; *Pelton,* p 26.

In the present case, we are of the opinion that the division of the marital estate was fair and equitable, given the circumstances of this case. We find no abuse of discretion.

Affirmed.

T. J. Lesinski, J., concurred.

Michael J. Kelly, P.J. *(concurring in part and dissenting in part).* I respectfully dissent.

I believe that the trial court abused its discretion in including defendant's inheritance from his father's estate as part of the marital estate and in awarding attorney fees to plaintiff. I would, however, agree with the majority and affirm the distribution of the marital assets, not including the

inheritance, and the award of alimony based on the trial court's finding of fault.

The parties had agreed to separate before plaintiff's diagnosis of cancer. In fact, this marriage appears to have been star-crossed from the beginning. In 1984 or early 1985, the parties agreed that they would stay together until their daughter was married and their son graduated from college. Defendant moved out of the marital home in October 1985. The divorce complaint was filed in February 1986. The marital estate was computed at $168,500 and plaintiff was awarded three-fourths of that estate. Plaintiff's complaint for divorce preceded the death of defendant's father, and preceded by a year any distribution from the estate to the defendant. There simply can be no argument that the wife contributed to the inheritance or relied on it. If the gender of the parties were reversed and the trial court invaded the wife's inheritance, oh how the rafters would ring. If the rule in *Charlton v Charlton*, 397 Mich 84, 94; 243 NW2d 261 (1976), and *Grotelueschen v Grotelueschen*, 113 Mich App 395; 318 NW2d 227 (1982), is gender neutral, then the defendant's inheritance was his sole and separate property.

In *Lee v Lee*, 191 Mich App 73, 78-79; 477 NW2d 429 (1991), our most recent word on the subject, we held that "[p]laintiff's inheritance was her separate property and should have been distributed as part of the marital estate only if the remaining property was insufficient for the suitable support and maintenance of defendant, MCL 552.33; MSA 25.103, or if defendant had contributed to its acquisition, improvement, or accumulation." In this case, the court was concerned about the wife's standard of living and therefore awarded alimony. There was no need to invade defendant's inheritance to maintain plaintiff's

standard of living, and I believe it was an error of law to invade the inheritance to increase the plaintiff's standard of living.

The trial court also erred in awarding attorney fees. This is not the first time a majority of a panel of this Court has diluted or disregarded the hitherto long-established rule regarding attorney fees. I quote from my own dissent in *Wilcher v Wilcher*, unpublished opinion per curiam of the Court of Appeals, decided August 27, 1991 (Docket No. 123315):

> Attorney fees are not awarded as a matter of right but only when necessary to allow a party to carry on or defend an action. *Vaclav v Vaclav*, 96 Mich App 584, 593; 293 NW2d 613 (1980); *Zechlin v Zechlin* [sic, *Zecchin v Zecchin*], 149 Mich App 723; 386 NW2d 652 (1986). The trial judge in this case did not make a finding as to the necessity of an award of attorney fees. Clearly on this record she could not. The majority notes that defendant's monthly take home pay is considerably less than plaintiff's and then concludes, ipso facto, that that necessitates an attorney fee award. I think that is plain wrong. It was clearly erroneous for the trial judge to base her determination of defendant's ability to carry on or defend the action on a comparison of defendant's income to plaintiff's. It is defendant's financial status alone which must be examined to determine her ability to pay. See, e.g., *Tomblinson v Tomblinson*, 183 Mich App 589, 593; 455 NW2d 346 (1990). Plaintiff's financial position is of absolutely no consequence to such a determination. Besides the alimony, half the house, and considerable assets, only one of which establishes her ability to pay—a fidelity Michigan tax-free account in the amount of $75,191 defendant was employed as a legal secretary grossing $27,000 yearly in salary. Defendant made no showing that these assets were inadequate to allow her to carry on or defend the action.

The reasons for awarding attorney fees in this case are no better than the reasons described above. Reliance on the elastic language in *Vollmer v Vollmer,* 187 Mich App 688; 468 NW2d 236 (1991), and *Curylo v Curylo,* 104 Mich App 340; 304 NW2d 575 (1981), gives unmerited support to what I consider to be a discredited line of authority. A trial judge should not have unlimited discretion relative to the award of attorney fees in a divorce case. Divorce litigation is expensive for both parties. To the extent possible, each party should be responsible for its own attorney fees absent an inability to carry on or defend the action. To hold otherwise is to encourage excesses.

I would reverse the trial court's award of attorney fees and its inclusion of defendant's inheritance from his father's estate.