## VOUKATIDIS v VOUKATIDIS

Docket No. 129640. Submitted April 21, 1992, at Detroit. Decided August 3, 1992, at 10:05 A.M.

George H. Voukatidis and Rita R. Voukatidis were divorced by order of the Wayne Circuit Court, Sharon Tevis Finch, J. He appealed.

The Court of Appeals *held:*

1. Given the substantial disparity in the parties' incomes, the trial court did not abuse its discretion in awarding defendant $1,500 in attorney fees.

2. The property division ordered by the trial court was proper.

3. The trial court did not err in awarding the defendant temporary alimony.

Affirmed.

MICHAEL J. KELLY, J., dissenting in part, stated that the trial court clearly erred in basing its determination of the defendant's ability to carry on or defend the action on a comparison *of the parties' incomes.* It is the defendant's financial status alone that must be examined to determine her ability to pay.

DIVORCE — ATTORNEY FEES — DISPARITY IN PARTIES' INCOMES.

Attorney fees may be awarded in a divorce action on the basis of a substantial disparity in the parties' incomes.

*Kevin A. McNulty,* for the plaintiff.

*Margaret Barton,* for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

GRIFFIN, J. Plaintiff appeals as of right from a

REFERENCES
Am Jur 2d, Divorce and Separation § 604.
Amount of attorneys' fees in matters involving domestic relations. 59 ALR3d 152.

May 14, 1990, judgment of divorce entered by the Wayne Circuit Court. We affirm.

Plaintiff first argues on appeal that the trial court abused its discretion in awarding defendant $1,500 in attorney fees. We disagree. Defendant requested $3,500 in fees and was awarded $1,500. Given the substantial disparity in the parties' incomes, we find no abuse of discretion. *Vollmer v Vollmer,* 187 Mich App 688, 690; 468 NW2d 236 (1990).

Plaintiff next contends that the trial court made numerous errors that skewed what otherwise would have been a precise fifty-fifty split of the marital estate. Having reviewed the record, we find no merit with regard to any of plaintiff's claims. Plaintiff's primary contention, that the trial court somehow twice ordered him to pay defendant one-half of the forty-four shares of Ford Motor Company stock, simply has no basis in fact. The record unequivocally reflects that plaintiff held an additional forty-four shares of stock that were not accounted for initially. Similarly, plaintiff's claim that the trial court failed to consider the value of a television set he bought for defendant is also without merit. In its findings, the trial court allowed plaintiff to keep the amount of his savings that accrued following the parties' separation on the basis that plaintiff bought certain items and made various "reasonable expenditures" during this time. Our review also indicates that the court dealt with the value of the parties' automobiles in an equitable fashion. Finally, given the disparate economic positions of the parties, we find nothing inequitable about requiring plaintiff to maintain defendant's health insurance on a temporary basis. Plaintiff has in no way convinced us that we would have reached a different result had we occupied the position of the trial court.

*Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78; 471 NW2d 631 (1991).

Finally, plaintiff argues that the trial court abused its discretion in awarding defendant temporary alimony. We disagree. The trial court awarded defendant $200 a week for one year. In so doing, the court noted that the parties had endured many years of marriage during which they lived at the standard provided by their combined incomes. Thus, the court found the alimony necessary to equalize the parties' financial positions and to allow defendant to "get on her feet financially." These considerations were proper, and we find no error. *Id.; Thames v Thames,* 191 Mich App 299, 307-308; 477 NW2d 496 (1991).

Affirmed.

JANSEN, P.J., concurred.

MICHAEL J. KELLY, J. *(concurring in part and dissenting in part).* I dissent from the majority's treatment of the award of attorney fees.

Defendant argues that whether she earned $21,000 or $6,000 in 1989, plaintiff earned a considerably larger salary, in the neighborhood of $50,000 and, therefore, because of the disparity in the parties' incomes the award of attorney fees is justified in the exercise of the trial court's discretion. That has not been and should not be the rule regarding attorney fees in domestic relations cases. The proper rule is set out in the final *paragraph of Spooner v Spooner,* 175 Mich App 169, 174; 437 NW2d 346 (1989):

> Plaintiff's attorney requests that he be awarded attorney fees for the instant appeal. MCR 3.206(A) allows for attorney fees if the moving party alleges facts showing that he or she is unable to bear the expense of the action without receiving aid. Attor-

ney fees are not awarded as a matter of right but only when necessary to enable a party to carry on or defend the litigation. *Chisnell v Chisnell,* 99 Mich App 311, 316; 297 NW2d 909 (1980). Plaintiff's attorney has not alleged sufficient facts to demonstrate that plaintiff would be unable to bear the expense of this action without aid. Attorney fees were not necessary to enable plaintiff to carry on the instant litigation. This Court refuses to award plaintiff attorney fees for the instant appeal.

The majority's reliance on *Vollmer v Vollmer,* 187 Mich App 688, 690; 468 NW2d 236 (1990), is, I believe, unfortunate. I don't know the value of the estate distributed in *Vollmer* and I think to the extent that the majority has endorsed the rubbery standard of *Curylo v Curylo,* 104 Mich App 340; 304 NW2d 575 (1981), it has resurrected an overly broad discretion standard that was intended to be restricted by MCR 3.206(A). I have stated my reasons in previous opinions and dissents and I restate them here.

Attorney fees are not awarded as a matter of right but only when necessary to allow a party to carry on or defend an action. *Vaclav v Vaclav,* 96 Mich App 584, 593; 293 NW2d 613 (1980); *Zecchin v Zecchin,* 149 Mich App 723; 386 NW2d 652 (1986). The trial court in this case did not make a finding regarding the necessity of an award of attorney fees. Clearly, on this record, it could not. The majority notes that defendant's monthly take-home pay is considerably less than plaintiff's and then concludes, ipso facto, that that necessitates an award of attorney fees. I think that is plain wrong. It was clearly erroneous for the trial court to base its determination of defendant's ability to carry on or defend the action on a comparison of defendant's income with plaintiff's. It is defen-

dant's financial status alone that must be examined to determine her ability to pay. See, e.g., *Tomblinson v Tomblinson,* 183 Mich App 589, 593; 455 NW2d 346 (1990). Plaintiff's financial position is of absolutely no consequence to such a determination. *Wilcher v Wilcher,* unpublished opinion per curiam of the Court of Appeals, decided August 27, 1991 (Docket No. 123315).

I would approve the majority's disposition of the other aspects of this appeal, but I would reverse the award of attorney fees.