SPOONER v SPOONER

Docket No. 102451. Submitted October 5, 1988, at Grand Rapids. Decided February 22, 1989.

Plaintiff, Emily Spooner, and defendant, Phillip Spooner, were divorced by order of the Calhoun Circuit Court, Stephen B. Miller, J., following a marriage of approximately 2½ years. The court found that defendant was at fault for the breakdown of the marriage and granted plaintiff the property she had prior to the marriage, the property purchased with the proceeds from the sale of her home, a John Deere tractor, the second home the couple purchased during the marriage, and $35,000 to be taken from the couple's Olde Discount stock broker account. Defendant received all the property he brought into the marriage including his home, the vehicles purchased during the marriage, and several stock and bank accounts except the $35,000 from the Olde Discount account. Defendant appealed, arguing that the trial court abused its discretion in determining the award of property to the parties.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in making the property division or in making the $35,000 distribution to plaintiff. The finding of fault on defendant's part leads to the conclusion that the property settlement between the parties was fair and equitable.

2. The trial court did not abuse its discretion in awarding plaintiff the property next door to defendant's house.

3. The request that plaintiff's attorney be awarded attorney fees for the appeal is denied. Attorney fees were not necessary to enable plaintiff to carry on the instant litigation.

Affirmed.

1. DIVORCE — PROPERTY SETTLEMENTS.

The objective of the property settlement is to reach a fair and

REFERENCES

Am Jur 2d, Divorce and Separation §§ 589 *et seq.*, 870 *et seq.*

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Amount of attorneys' fees in matters involving domestic relations. 59 ALR3d 152.

equitable division in light of all the circumstances; to reach an equitable division of property, a trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's needs, fault, or past misconduct, and any other equitable circumstances.

2. Divorce — Attorney Fees — Court Rules.

Attorney fees are not awarded as a matter of right in a divorce action but only when necessary to enable a party to carry on or defend the litigation (MCR 3.206[A]).

*Kreis, Enderle, Callander & Hudgins* (by *Russell A. Kreis*), for plaintiff.

*Mark E. Kreter,* for defendant.

Before: Danhof, C.J., and Hood and R. L. Olzark,* JJ.

Per Curiam. Defendant, Phillip Spooner, appeals as of right from the judgment of divorce which was granted on April 20, 1987. We affirm.

Defendant married plaintiff, Emily Spooner, on October 20, 1984. After the wedding, plaintiff and her children from a previous marriage moved from her home into defendant's home. Plaintiff has worked for the past sixteen years at Post Cereal, where she is currently employed. She also receives child support from her prior marriage. Defendant is employed as a millwright at Kellogg Company.

On July 25, 1985, defendant saw plaintiff standing in the parking lot at the place of her employment conversing with an old boyfriend. Plaintiff, after holding this discussion, returned home. Defendant was not at home, so plaintiff left to run several errands and to search for her husband. Defendant had apparently been to the home and, putting together the fact that his wife was not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

home and was seen with an old flame, apparently assumed infidelity. The result was that later that evening defendant assaulted his wife causing several bruises, a broken eardrum, and torn ligaments in her left arm. After the assault plaintiff filed for divorce. However, upon receiving several letters from defendant and truly believing they loved each other and could reconcile, plaintiff moved back into defendant's home. The parties attended professional counselling throughout 1986 until plaintiff reinstated the instant divorce proceedings in September of 1986.

The trial court judge granted the instant divorce. Among the findings of fact was that defendant was at fault for the breakdown of the marriage on the basis of his assault of plaintiff and other acts committed postreconciliation. On the basis of fault and other principles of fairness and equity, the trial court granted plaintiff the property she had prior to marriage, the property purchased with the proceeds from the sale of her home, a John Deere tractor, the second home the couple purchased during the marriage, and $35,000 to be taken from the Olde Discount stock broker account. Defendant received all the property he brought into the marriage including his home, the vehicles purchased during the marriage, and several stock and bank accounts including all increases in value in those accounts except the $35,000 from the Olde Discount account. With regard to the stock and other accounts, the trial court specifically found that, although plaintiff made no direct contribution to their increase in value, a legitimate inference could be drawn that the use of plaintiff's money for household expenses freed defendant to use his money to increase the value of those accounts.

Defendant argues the trial court abused its dis-

cretion in determining the award of property to the parties. The division of marital properties is committed to the sound discretion of the trial court. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988). On appeal to this Court, relief may be granted only if we are convinced that we would have reached a different result if we had occupied the position of the trial court. *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984).

The trial court's findings of fact may not be disturbed by this Court unless those findings are clearly erroneous. *Thomas v Thomas (After Remand),* 164 Mich App 618, 622; 417 NW2d 563 (1987). A finding is clearly erroneous only if, after review of the entire record, we are left with the definite and firm conviction that a mistake has been made. *Perrin, supra.* The objective of the property settlement is to reach a fair and equitable division in light of all the circumstances. *Ackerman v Ackerman,* 163 Mich App 796, 807; 414 NW2d 919 (1987). To reach an equitable division of property, the trial court should consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning ability, each party's needs, fault, or past misconduct, and any other equitable circumstances. *Perrin, supra,* p 22; *Ackerman, supra,* pp 807-808.

In this case the trial court found that the marriage was of short duration, that defendant brought into the marriage far greater assets than plaintiff, that each party had the ability to earn a living, and that defendant was at fault for the breakdown of the marriage. These findings of fact are not clearly erroneous. On the basis of the findings of fact, the trial court gave each party the assets which they brought into the marriage. For

plaintiff, this took the form of the property purchased with the proceeds from the sale of her home and her stocks and accounts. For defendant, this took the form of his home, his automobiles, and his stocks and accounts including their increase in value. However, on the basis of the fault of defendant, the trial court awarded plaintiff $35,000. This money was ordered to be paid out of the Olde Discount account and reflects the increase in value of that account over the years plaintiff and defendant were married. The trial court noted that the $35,000 distribution could have come from any fund or assets, but the court believed taking the sum from the Olde Discount account was the most convenient solution and what defendant would have preferred.

The trial court did not abuse its discretion in the property division. Nor did the court abuse its discretion in making the $35,000 distribution to plaintiff. The award was based on defendant's fault in causing the divorce and because a legitimate inference could be made based on plaintiff's use of her money for household expenses which freed, to some extent, defendant to use his own funds to strengthen those accounts. We note that at the time defendant married plaintiff, his estate was worth approximately $198,000. After distribution of the marital assets and payment of the $35,000 to plaintiff, defendant's estate is still increased by $26,000 during the marriage to a total of $224,000. Plaintiff's estate going into the marriage was approximately $26,000. The property settlement leaves plaintiff with approximately $72,000, a property increase of $46,000. Although the relative increase in plaintiff's estate was larger than the relative increase in defendant's estate during the marriage between the parties, the finding of fault on defendant's part leads to the conclusion that

the property settlement between the parties was fair and equitable.

Defendant argues the trial court abused its discretion by giving plaintiff the house next door to defendant's house. We disagree. Plaintiff had a strong interest in keeping her children in the same school district. Plaintiff's attempts to find other housing in the same school district were not productive. Also, the trial court found that plaintiff and her son had put considerable effort into improving and fixing the property next door to defendant. It appears defendant is the only party having a problem with this situation, yet he has expressed no desire to move. The trial judge did not abuse his discretion in awarding plaintiff the property next door to defendant.

Plaintiff's attorney requests that he be awarded attorney fees for the instant appeal. MCR 3.206(A) allows for attorney fees if the moving party alleges facts showing that he or she is unable to bear the expense of the action without receiving aid. Attorney fees are not awarded as a matter of right but only when necessary to enable a party to carry on or defend the litigation. *Chisnell v Chisnell,* 99 Mich App 311, 316; 297 NW2d 909 (1980). Plaintiff's attorney has not alleged sufficient facts to demonstrate that plaintiff would be unable to bear the expense of this action without aid. Attorney fees were not necessary to enable plaintiff to carry on the instant litigation. This Court refuses to award plaintiff attorney fees for the instant appeal.

Affirmed.