# STATE OF MICHIGAN

# COURT OF APPEALS

ROSEMARIE G. RUDE,

Plaintiff-Appellee,

UNPUBLISHED
May 5, 2015

v

MARK B. RUDE,

Defendant-Appellant.

No. 319291
Oakland Circuit Court
LC No. 2013-806079-DO

Before: TALBOT, C.J., and MURPHY and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right a judgment of divorce entered after a bench trial. Defendant challenges the trial court's decisions awarding him only modifiable, rehabilitative spousal support and denying his request for attorney fees. We affirm.

The parties were married in 1985 and had three children, all of whom were adults at the time plaintiff filed this divorce action in March 2013. Defendant, who has a bachelor's degree in photography from Syracuse University, was the primary wage-earner during the early years of the marriage. His employment included managerial and sales positions and work as a printing technician. Defendant's longest period of work with an employer ended in the late 1990s. In 1999, plaintiff applied for and obtained a part-time position in customer service at a bank. She later took advantage of an opportunity to obtain a securities license, which allowed her to earn commissions. She began working full time in 2001 and her income continuously increased over the years, except for 2008 and 2009. Defendant stopped working during this period, except for occasional work as a painter and some "secret shopper" work for different companies. Plaintiff's taxable income in 2012 was approximately $263,000.

In June 2013, the trial court awarded defendant temporary spousal support, but advised defendant that he would eventually have to find employment. The trial court reserved a decision on defendant's motion for attorney fees, but awarded defendant half of a substantial tax refund. Plaintiff was ordered to continue paying the household bills.

Following a bench trial in August 2013, the trial court awarded the marital home to plaintiff, but awarded defendant 50 percent of the approximate $14,000 of equity in the home. Other marital assets, including plaintiff's 401(k) benefits and her pension, were also divided equally between the parties. The trial court awarded defendant modifiable, rehabilitative spousal support for three years in the amount of $2,000 a month for the first year, $1,500 a month for the

-1-

second year, and $1,000 a month for the third year. Plaintiff was also required to pay COBRA[1] healthcare benefits for defendant for two years. The court additionally required plaintiff to pay 100 percent of the marital debt.

Defendant first argues that the trial court abused its discretion by failing to award adequate spousal support. Defendant maintains that both the amount and duration of spousal support is inadequate under the circumstances, especially considering the length of the marriage, plaintiff's substantial income during the latter years, and defendant's assumed role as a homemaker. Defendant contends that a more reasonable amount would have been $10,000 a month for 14 years.

We review a trial court's award of spousal support for an abuse of discretion. *Loutts v Loutts,* 298 Mich App 21, 25; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi,* 288 Mich App 352, 355; 792 NW2d 63 (2010). Any findings of fact relating to the award are reviewed for clear error. *Id.* A finding of fact "is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made." *Id.* Deference is given to a trial court's findings of fact that are based on the credibility of witnesses. *Id.*

MCL 552.23(1) contemplates a case-by-case approach in determining an award of spousal support. *Loutts,* 298 Mich App at 29-30. "The primary purpose of spousal support is to balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case." *Id.* at 32. A court should consider all relevant factors in determining an appropriate award of spousal support, including:

> (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and the amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties' prior standard of living and whether either is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity. [*Woodington,* 288 Mich App at 356 (citation omitted).]

In this case, defendant was awarded modifiable, rehabilitative spousal support. Decreasing rehabilitative spousal support is intended to allow a party to assimilate into the work force and establish economic self-sufficiency. See *Friend v Friend,* 486 Mich 1035; 783 NW2d 122 (2010). If a party is unable to make this assimilation, the party may bring an appropriate motion to modify spousal support. See MCL 552.28; *Luckow Estate v Luckow,* 291 Mich App 417, 424; 805 NW2d 453 (2011) (Modification of spousal support may be warranted when a

---

[1] Consolidated Omnibus Budget Reconciliation Act, 29 USC 1161 *et seq.*

moving party establishes new facts or changed circumstances arising since issuance of the previous support order.).

The trial court's decision reflected that it considered relevant factors in determining the duration and amount of rehabilitative spousal support for defendant. We disagree with defendant's argument that most key facts were uncontested, especially with regard to whether this was a "classic role reversal case." Unlike in *Zecchin v Zecchin,* 149 Mich App 723, 733-734; 386 NW2d 652 (1986), where the parties mutually agreed that the defendant would assume "the primarily noneconomic role of mother and homemaker" throughout the marriage, the evidence here indicated that plaintiff initially assumed the primary noneconomic role of mother and homemaker for at least half the marriage, and that plaintiff was thrust into the job market only after defendant lost his motivation to work.

The trial court found, as supported by the testimony, that plaintiff remained involved in maintaining the household and continuously urged defendant to obtain employment, even after she started working full time. We also note plaintiff's testimony that the parties had a "cleaning lady for more than a few years." While plaintiff admitted that the two of them agreed that defendant would drive the youngest child to school, she testified that the school was a short distance from the marital home, that this activity did not begin until 2004, and that defendant was supposed to obtain some part-time work during the day. Plaintiff also indicated that defendant was supposed to obtain full-time employment after their youngest child reached 16 years of age and could drive, but defendant failed to do so after those events happened. The trial court expressly found that plaintiff's testimony was more credible than defendant's testimony. Giving deference to the trial court's credibility determinations, we find no clear error in its conclusion that this case was not a typical stay-at-home parent situation.

We also reject defendant's argument regarding the cause of the marital breakdown. The evidence amply supports the trial court's findings regarding the tumultuous nature of the marriage during the latter years and the strain that defendant's voluntary unemployment placed on the marriage. Although the trial court did not impute any specific income to defendant when evaluating defendant's ability to work, "[s]pousal support does not follow a strict formula." *Loutts,* 298 Mich App at 30.

Although defendant complains that the spousal support award is inadequate considering that plaintiff's retirement savings benefit was the most significant marital asset divided equally between the parties for purposes of the property division, the court held plaintiff entirely responsible for all marital debt and she was required to maintain COBRA benefits for defendant for two years. In addition, the trial court's spousal support award clearly anticipated that defendant could find gainful employment. Indeed, there was testimony by a vocational rehabilitation counselor that defendant was employable and capable of earning, based on his background, $39,000 to $42,000 per year after three to five years in the workforce and $69,000 annually after five to seven years' employment. A second vocational rehabilitation counselor testified that defendant was employable and had an earning capacity of $60,000 per year as either a painter or photographer. Defendant has not established that he will be required to access the 401(k) retirement benefits to support himself, or that the trial court contemplated that it would be necessary to prematurely invade those benefits when determining the amount of spousal support. Moreover, as plaintiff points out, defendant failed to even present a budget to the trial court to

enable it to properly evaluate his alleged needs. We reject defendant's argument that plaintiff's budget items would apply equally to him. Plaintiff's budget was tailored to her own postdivorce needs, including her obligation to pay the mortgages on the martial home and her payment of the children's student loans and tuition, which defendant agreed should continue.

After considering all relevant factors and the trial court's findings of fact, we conclude that defendant has failed to establish that the trial court abused its discretion by granting him only modifiable, rehabilitative spousal support for three years in the amounts ordered. The award was just and reasonable under the circumstances. *Loutts,* 298 Mich App at 32.

Defendant also challenges the trial court's decision denying his request to have plaintiff pay his attorney fees. We review a trial court's decision whether to award attorney fees in a divorce action for an abuse of discretion. *Woodington,* 288 Mich App at 369. Any related factual findings by the trial court are reviewed for clear error. *Id.*

Under MCR 3.206(C), a party requesting attorney fees in a divorce action has the burden of showing sufficient facts to justify an award. *Id*. at 370. The attorney fees must be necessary for the party to prosecute or defend the action. *Loutts v Loutts,* ___ Mich App ___; ___ NW2d ___, issued February 10, 2015 (Docket No. 318468), slip op at 7; *Myland v Myland,* 290 Mich App 691, 702; 804 NW2d 124 (2010). Requested attorney fees must also be reasonable. *Stallworth v Stallworth,* 275 Mich App 282, 288; 738 NW2d 264 (2007). The party requesting attorney fees must additionally show that the attorney fees were incurred. *McIntosh v McIntosh,* 282 Mich App 471, 483; 768 NW2d 325 (2009).

This Court has also held that where a party is required to rely on assets for support, the party should not be required to invade those assets to pay for attorney fees. *Woodington,* 288 Mich App at 370. A party may also demonstrate an inability to pay attorney fees by showing that he or she has yearly income less than the amount owed in attorney fees. *Myland,* 290 Mich App at 702. Ultimately, however, the particular factual circumstances of the case govern whether there is an ability to pay for attorney fees. *Loutts,* ___ Mich App at ___, slip op at 8. "This requires a trial court to give 'special consideration to the specific financial situations of the parties and the equities involved.'" *Id.,* quoting *Myland,* 290 Mich App at 703.

As indicated earlier, the record established that defendant was awarded some liquid assets before trial to pay for attorney fees when the trial court ordered a tax refund to be equally divided between the parties. Although defendant received $8,000, he applied only $5,500 to pay for attorney fees. The other $2,500 was deposited into a bank account. The trial court found that although defendant had no source of income and did not look for employment, he managed to travel throughout the pendency of the case. The record supports this finding, inasmuch as defendant testified at trial that he partially paid for trips to Massachusetts to visit a female friend. Defendant testified that he was not looking for employment to support himself because he wanted to wait and see how the divorce would be resolved. Defendant indicated that when he was not traveling, he usually stayed rent-free with a friend in Michigan, but also sometimes stayed in the marital home.

The trial court found that defendant also failed to establish that plaintiff was able to pay for his attorney fees considering her significant monthly obligations, that she had charged her

own attorney fees to a credit card, and that she was held responsible for all of the marital debts and required to pay spousal support under the divorce judgment. Defendant has not established that the trial court's findings are clearly erroneous. Accordingly, we are not persuaded that the trial court abused its discretion in denying defendant's request for attorney fees. The trial court appropriately considered the parties' financial situations and the equities involved in the case. *Loutts,* ___ Mich App at ___, slip op at 8. The trial court's decision did not fall outside the range of reasonable and principled outcomes. *Woodington,* 288 Mich App at 355.

Defendant also requests this Court to remand this case to the trial court to determine an appropriate award of appellate attorney fees. MCR 3.206(C)(1) allows a party to move for attorney fees at any time. This Court has considered an appellant's request for attorney fees in a divorce action. See *Gates v Gates,* 256 Mich App 420, 439; 664 NW2d 231 (2003), *Spooner v Spooner,* 175 Mich App 169, 174; 437 NW2d 346 (1989). Nonetheless, defendant has not established any basis for disturbing the trial court's decisions regarding spousal support and attorney fees. Because defendant does not allege any other facts that would be sufficient to demonstrate an inability to bear the expense of this appeal, remand for an award of appellate attorney fees in not warranted. *Spooner,* 175 Mich App at 174.

Lastly, in the absence of a cross-appeal, we decline to address plaintiff's argument that she is entitled to have defendant pay her attorney fees. See *Middlebrooks v Wayne Co,* 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). We also decline to address plaintiff's request for an award of appellate attorney fees on the ground that defendant's appeal is vexatious. Such a claim may only be made by motion. See MCR 7.211(C)(8).

Affirmed.


/s/ Michael J. Talbot
/s/ William B. Murphy
/s/ Elizabeth L. Gleicher