LEE v LEE

Docket No. 123042. Submitted May 7, 1991, at Detroit. Decided July 15, 1991; approved for publication August 29, 1991, at 9:20 A.M.

Rosetta M. Lee brought an action for divorce in the Oakland Circuit Court against Lawrence E. Lee. The court, Jessica R. Cooper, J., granted the divorce, ordered division of marital property, and awarded the plaintiff alimony of $100 a week until the plaintiff's death or remarriage or the defendant's retirement. The plaintiff appealed, claiming error in the division of marital property and award of alimony.

The Court of Appeals *held:*

The court abused its discretion with respect to the property division by requiring the sale of the marital home merely because the parties failed either to provide expert testimony concerning its value or to stipulate to its value, by refusing to treat the defendant's pension as a marital asset subject to division, and by refusing to hear evidence relative to whether certain assets were the plaintiff's separate property. Remand is required for a rehearing of those aspects of the property settlement before a different judge, at which time the question of alimony is to be reconsidered.

Affirmed in part, reversed in part, and remanded.

1. DIVORCE — MARITAL ESTATE — MARITAL HOME — VALUATION — EVIDENCE.

It is an abuse of discretion for a court in a divorce proceeding to require the parties, under a threat of the sale of the marital home, either to present expert testimony concerning the value of the home or to stipulate the value of the home where the parties are longtime residents of the home and have testified concerning the value of the home and there is evidence of its state equalized value.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 903, 905, 937, 948, 949.

Necessity that divorce court value property before distributing it. 51 ALR4th 11.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

2. Divorce — Marital Estate — Pensions — Valuation.

  It is an abuse of discretion for a court in a divorce proceeding to refuse to treat the pension of one of the parties as a marital asset that is subject to division and distribution along with the other marital property where the parties have stipulated that the pension is a marital asset but there is no evidence of its value.

*James O. Elliott,* for the plaintiff.

Before: Reilly, P.J., and Gillis and Michael J. Kelly, JJ.

Per Curiam. Plaintiff appeals as of right from the circuit court's judgment of divorce. We affirm in part, reverse in part, and remand for further proceedings before a different judge.

The parties were married almost forty years. Plaintiff was fifty-seven years old; defendant, fifty-nine. Plaintiff claimed that she was disabled in 1977 and received $619 a month in social security disability benefits as well as $116 a month in disability benefits from her previous employer. Defendant was employed and earned approximately $36,000 a year as a truck driver. Defendant had a pension plan, but no evidence was introduced concerning its value.

In 1977, defendant had an affair. Plaintiff also claimed that on occasion during the last five years of the marriage defendant physically assaulted her, resulting in bruising and two broken fingers. Defendant denied breaking plaintiff's fingers or causing some of her bruises. Defendant admitted to physical altercations with plaintiff that occurred after she had accused him of engaging in affairs and physically attacked him. Defendant testified that plaintiff was suspicious of his activities and followed him four out of five days. Plaintiff also accused defendant of having a recent affair. Defen-

dant denied that he was having an affair. Defendant accused plaintiff of having an affair early in their marriage. Plaintiff denied having an affair.

Plaintiff testified that she believed that the marital home was worth $95,000. Defendant believed that the home was worth $110,000. The state equalized value was $50,600. The court noted that if the parties did not stipulate to the home's value, the court would order the property sold in the absence of expert testimony.

The court held that evidence of fault was relevant "where fault is ascertainable and where fault is major." The court noted that what had happened in this case was not fault but what occurs during the course of a lengthy marriage when both parties are yelling at each other on a continual basis. The court then held that it disbelieved plaintiff's testimony that defendant beat her. The court ordered the marital home sold and the proceeds equally divided. Likewise, the court ordered the marital furnishings to be divided equally. Given that no evidence of the value of the pension was presented, the court ordered the pension awarded to defendant. The court ordered the parties to retain their respective automobiles and to divide equally the bank accounts, the individual retirement accounts, and the cash surrender value of their life insurance policy. Finally, the court ordered defendant to pay plaintiff $100 a week in alimony until her remarriage or death or until defendant's retirement.

Plaintiff first claims that the court abused its discretion when it failed to determine a value of the home on the basis of the testimony of the parties or the evidence of the state equalized value rather than ordering the home sold and the net proceeds divided. The court indicated that it would not rely on lay testimony to establish the value of

the house, but wanted either a stipulation or expert testimony concerning its value. We fail to see why the trial court would not accept the state equalized value as some evidence of the value of the home. Moreover, the parties had lived in the home for nearly twenty years and could have testified concerning the basis of their opinions regarding its value. In sum, we fail to see why the parties should be required to present expert testimony or to stipulate to the value of the house under threat of having it sold. On retrial, the court shall determine the value of the home.

Plaintiff also contends that the trial court abused its discretion when it failed to treat defendant's pension as an asset to be divided, inasmuch as the parties had agreed that the pension was a marital asset even though there was no evidence of its value. While we do not excuse the parties' failure to introduce evidence of the pension's value, given their stipulation that it was a marital asset, we hold that the trial court should have divided the pension as it did the other marital assets. Because we are remanding this case for reconsideration of the property division and alimony issues, we direct that the parties be permitted to introduce evidence of the value of the pension at that proceeding. In doing so, we note that the pension should be valued as of the date of the original divorce proceeding.

Plaintiff also claims that the trial court's statements concerning the degree of fault required before it is relevant were erroneous. Plaintiff notes that the trial court also indicated that for physical abuse to be considered fault there must be a systematic pattern of abuse without reason. Here, the trial court's comments concerning the degree of fault required were harmless given its determination that the parties' few mutual physical alter-

cations were the result of arguments rather than defendant's infliction of physical harm upon plaintiff. Under these circumstances, the trial court's finding that there was no fault was not clearly erroneous and, therefore, is upheld. *Burkey v Burkey (On Rehearing),* 189 Mich App 72; 471 NW2d 631 (1991). On retrial, the court need not consider the issue of fault.

Plaintiff argues that the trial court abused its discretion when it failed to award her assets that she claims were her sole and separate property and when it prevented her from introducing evidence concerning her contributions to the marital estate.

In his opening statement, plaintiff's attorney indicated that the vast majority of the marital assets were acquired by plaintiff. Plaintiff's attorney indicated that the court could consider plaintiff's contribution in distributing the property. The court indicated that it did not believe that contribution was relevant given the length of the marriage. Plaintiff's attorney indicated that he would like to make a record of the matter. The court indicated that it had already ruled the matter irrelevant and suggested that costs might be appropriate. Plaintiff's attorney did not pursue the matter.

We will not reverse the trial court's decision unless we are convinced that we would have reached a different result in the trial court's place. *Burkey, supra.* The court's objective is to reach a fair and equitable property division in light of all the circumstances. *Charlton v Charlton,* 397 Mich 84, 95; 243 NW2d 261 (1976). Circumstances which may be considered in dividing the property are: (1) the duration of the marriage, (2) contributions of the parties to the joint estate [sources of property], (3) age, (4) health, (5) station in life, (6) necessities

and circumstances, and (7) earning ability. *Id.* at 95, n 5.

Here, the court determined that evidence concerning the parties' contributions to the marital estate would not affect its distribution of the marital estate given the length of the parties' marriage. Apparently, the matter of the trial court's consideration of the parties' contributions was discussed off the record. However, this Court, as a reviewing court, was not privy to that discussion. Certainly, plaintiff's attorney should have been allowed to make an offer of proof concerning why he believed that the sources of the marital assets should affect the distribution of the marital estate without being threatened with costs.

In her trial brief, plaintiff noted that she received the following assets: (1) in 1973, a $10,000 settlement from an automobile accident; (2) in 1976, a $5,000 inheritance from her father; (3) in 1978, $13,000 from the sale of stock when she ended her employment and $3,000 severance pay; (4) in 1979, $18,500 from a workers' compensation claim and $5,310.23 from a social security settlement; and (5) in 1983, $11,578 from a social security settlement. Plaintiff claims that these assets were invested in bank savings accounts, certificates of deposit, or other investment devices and were worth $154,941.08 at the time of trial.

We hold that the trial court erred when it failed to determine if this property should be deemed separate property and, if so, to consider the effect of MCL 552.23; MSA 25.103 and MCL 552.401; MSA 25.136 before it distributed the property. The length of the marriage did not relieve the trial court of its obligation to make these determinations.

Plaintiff's inheritance was her separate property

and should have been distributed as part of the marital estate only if the remaining property was insufficient for the suitable support and maintenance of defendant, MCL 552.23; MSA 25.103, or if defendant had contributed to its acquisition, improvement, or accumulation, MCL 552.401; MSA 25.136. *Charlton, supra; Grotelueschen v Grotelueschen,* 113 Mich App 395, 399-401; 318 NW2d 227 (1982). To the extent plaintiff was the sole claimant in the automobile accident case and the proceeds therefrom represented payment for plaintiff's pain and suffering, as opposed to lost wages, we agree the proceeds were not joint marital property. Nonetheless, those proceeds could still be distributed pursuant to MCL 552.23; MSA 25.103 and MCL 552.401; MSA 25.136. *Bywater v Bywater,* 128 Mich App 396; 340 NW2d 102 (1983). We hold that the sale of the stock and the severance pay were marital assets. Savings acquired on those assets are also part of the marital estate. *Ripley v Ripley,* 112 Mich App 219, 230; 315 NW2d 576 (1982). Likewise, plaintiff's workers' compensation benefits were properly included in the marital estate, *Smith v Smith,* 113 Mich App 148, 150-151; 317 NW2d 324 (1982), as were the social security disability benefits she had received.

Because we are unable to determine whether certain assets were properly included in the marital estate, we remand so that the court can make this determination. Moreover, because the trial court appeared to believe that an equal division of the property was required given the length of the marriage, we leave it to the court on remand to reexamine the distribution of the property, considering all the appropriate factors.

Plaintiff further contends that the trial court erred when it failed to consider appropriate factors in determining the amount of alimony to be

awarded. Plaintiff then claims that $100 a week was insufficient alimony.

The standard of review for alimony awards is the same as it is for property division. *Burkey, supra.* Factors considered in awarding alimony are: (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, and (11) general principles of equity. *Lesko v Lesko,* 184 Mich App 395, 404; 457 NW2d 695 (1990). Again, it appeared that the trial court was made aware of the appropriate factors. We do not believe that the court's failure to specifically state its findings regarding each consideration requires reversal where our review of the record indicates that we would not have reached a different result. In essence, the trial court appears to have attempted to leave the parties with essentially equivalent incomes. Plaintiff was receiving $735 a month in disability and social security benefits. Adding the alimony ordered by the court, plaintiff received $1,135 a month. Defendant's gross income was approximately $36,000 a year or $3,000 a month. Subtracting taxes and alimony, defendant would be left with approximately $1,700 a month. This distribution did not leave the parties in equivalent positions. Moreover, the trial court terminated alimony as of defendant's retirement or plaintiff's remarriage or death. Having reviewed the record, we hold that we would have reached a different result. Because we are remanding the matter for a determination of the property distri-

bution and any redistribution may affect the alimony provisions, we leave it to the trial court on remand to determine an appropriate amount of alimony.

We note that plaintiff has requested that this matter on remand be heard by a different judge. Having reviewed the videotape of the proceedings, we grant plaintiff's request. Nonetheless, given the affidavit of plaintiff's former counsel, we feel constrained to admonish the circuit court against the practice of attempting to force settlement upon the parties by keeping them in the courthouse despite the fact that another jury trial is in progress. *Woods v Murdock,* 177 Mich App 210; 441 NW2d 63 (1989). Apparently, the judge was annoyed at trying this case and, in an attempt to resolve the matter as quickly as possible, scolded the parties and their attorneys for attempting to introduce and introducing evidence that they believed was relevant. Certainly, the parties and their attorneys treated the court with the respect to which it was entitled, and the court was required to treat them in the same manner, giving thoughtful consideration to their evidence and arguments.

Hence, the trial court's judgment is affirmed to the extent that it granted the parties a divorce. The trial court's judgment is reversed with respect to the property division and alimony provisions. This case is remanded for further proceedings consistent with this opinion before a different judge. We retain no further jurisdiction.