SKELLY v SKELLY

Docket No. 287127. Submitted December 10, 2009, at Detroit. Decided
    December 29, 2009, at 9:05 a.m.

Thomas M. Skelly brought an action in the Wayne Circuit Court
against Patricia M. Skelly, seeking a judgment of divorce. The
court, Maria L. Oxholm, J., granted a judgment of divorce on July
23, 2008. Plaintiff appealed, alleging that the trial court erred by
distributing to the defendant 50 percent of two installments of a
performance bonus that the plaintiff received from his employer
before the judgment was entered and 40 percent of the final third
installment of the performance bonus and of any future bonuses
that the plaintiff would receive.

The Court of Appeals *held*:

1. The trial court erred by determining that the first two
payments of plaintiff's retention bonus were marital property and
that the third payment was separate property subject to invasion.
Assets earned by a spouse during the marriage are properly
considered to be part of the marital estate, whether the assets are
received during the existence of the marriage or after the judg-
ment of divorce. Here, the retention bonus was not earned during
the marriage (plaintiff had to be working for his employer through
May 31, 2009, to be entitled to the bonus and had to return all
monies received if not employed through that date), therefore, no
portion of the bonus was marital property. Plaintiff had not earned
the bonus until after the judgment of divorce was entered.

2. The trial court erred when it concluded that the third
installment was plaintiff's separate property subject to invasion. A
separate estate is the property that a party generally takes away
from the marriage separate from the marital assets. Plaintiff did
not take his retention bonus away from the marriage because he
had yet to earn it. The award of any portion of the retention bonus
to defendant must be reversed.

3. Any future bonus paid to plaintiff will not have been earned
during the marriage and will be based solely on the potential
occurrence of future events unrelated to the marriage. The trial
court erred by granting defendant 40 percent of any bonuses that
plaintiff may earn in the future.

Reversed.

DIVORCE — PROPERTY DIVISION — MARITAL ESTATE.

> Assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division; bonuses from a spouse's employer that are not earned during the marriage and are based solely on the potential occurrence of future events unrelated to the marriage are not part of the marital estate subject to division.

*Judith A. Curtis* for plaintiff.

*Kenneth E. Prather, Sr., P.C.* (by *Kenneth E. Prather, Sr.*), for defendant.

Before: DONOFRIO, P.J., and SAWYER and OWENS, JJ.

PER CURIAM. In this divorce case, plaintiff appeals as of right the judgment of divorce wherein the trial court distributed a portion of plaintiff's retention bonus and future bonuses to defendant. We reverse.

### I. FACTS

Plaintiff filed this complaint for divorce after a 25-year marriage. Defendant filed a countercomplaint requesting spousal support. At the time of the parties' divorce, plaintiff was the Director of International Tax at Ford Motor Company. His 2007 earnings totaled $289,257.58, which included a performance bonus of $13,500 and the first installment payment of his retention bonus totaling $108,000. The retention bonus was designed to "entice" plaintiff to remain with the company. If plaintiff remained employed by Ford on May 31, 2008, and on May 31, 2009, he would receive second and third installment payments of his retention bonus totaling $36,000 each. However, if plaintiff did not remain employed at Ford through May 31, 2009, he was re-

quired to pay back all the retention bonus monies. At the time of the divorce, defendant was unemployed and was a homemaker.

After hearing testimony from both plaintiff and defendant, the trial court awarded defendant the marital home and her jewelry, and awarded plaintiff his Ford 401k account, restricted stock units, a rental house, his motorcycle, his fishing boat, his deposit on his apartment, and a swim club membership. The trial court ordered an equal division of the marital portion of plaintiff's pension. The trial court also ordered that the first two installment payments of the retention bonus be equally divided between the parties. As to the third installment that would be paid on May 31, 2009, the trial court commented that

> [w]hile the Court understands that this would probably be considered separate property, because it would represent a year of work that the Plaintiff commits to with Ford without the assistance of the Defendant, the Court's invading that separate property. And I'm doing so because I think that the Defendant's income or ability to earn is very limited at this point in time. And also because that Retention award in the Court's mind, is based on performance during the marriage. And so I'm dividing that 60 percent to the Plaintiff and 40 percent to the Defendant.

The trial court further divided any of plaintiff's future bonuses, granting plaintiff 60 percent and defendant 40 percent.

The trial court also found that defendant was in need of spousal support and awarded her $5,000 a month. At the conclusion of the hearing, plaintiff's counsel attempted to clarify the court's award of plaintiff's bonuses to defendant. The following exchange took place:

> *Plaintiff's counsel:* Your Honor, there was one other question that came up. The award as to the '09 bonus, the

Retention bonus, that's the limit of the Court's award with respect to bonuses? I mean, there's not some ongoing award?

*Trial court:* Yes, there is. I said that.

*Plaintiff's counsel:* Just as to the '09 bonus?

*Trial court:* No, no. Any future bonuses.

*Plaintiff's counsel:* I mean, even if it's not a Retention bonus?

*Trial court:* Yes

*Plaintiff's counsel:* If he gets a bonus at any time in the future, she's going to get 40 percent of it?

*Trial court:* Correct. That's the Court's Order. It is. It's modifiable support so we'll have to take a look at these things as it becomes — as it comes to pass, but I think that it's fair. I do.

On July 23, 2008, the trial court entered a judgment of divorce that implemented the trial court's verbal ruling at the hearing.

## II. PLAINTIFF'S RETENTION BONUS

Plaintiff argues that the trial court clearly erred when it determined that the first two payments of plaintiff's retention bonus were marital property and when it determined that the third payment was separate property subject to invasion. We agree.

"In granting a divorce judgment, the trial court must make findings of fact and dispositional rulings. The trial court's factual findings will not be reversed unless they are clearly erroneous, i.e., if this Court is left with the definite and firm conviction that a mistake has been made. If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts. The trial court's dispositional ruling is discretionary and

will be affirmed unless this Court is left with the firm conviction that it was inequitable." *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005) (citations omitted).

The trial court, when dividing marital property, must first determine marital and separate assets. *Reeves v Reeves*, 226 Mich App 490, 494; 575 NW2d 1 (1997). "Generally, assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division, but the parties' separate assets may not be invaded." *Korth v Korth*, 256 Mich App 286, 291; 662 NW2d 111 (2003). Separate assets may be invaded when one of two statutory exceptions are met: MCL 552.23, MCL 552.401. *Reeves, supra* at 494. Invasion "is allowed [under MCL 552.23] when one party demonstrates additional need," meaning that the property awarded to that party is insufficient for her suitable support and maintenance. *Id.* Invasion is allowed under MCL 552.401 when one party "significantly assists in the acquisition or growth" of the other party's separate asset, in which case "the court may consider the contribution as having a distinct value deserving of compensation." *Id.* at 495.

Defendant argues that *Byington v Byington*, 224 Mich App 103, 110; 568 NW2d 141 (1997), should apply to plaintiff's retention bonus because the facts of *Byington* are similar to the instant case. We conclude that *Byington* actually supports plaintiff's argument that defendant is not entitled to any portion of the retention bonus. In *Byington*, the plaintiff filed for divorce, but the parties agreed to delay the division of the marital estate for several reasons. During the delay, the defendant entered into a new employment contract containing a contingent bonus package. Before entry of the judgment of divorce, the defendant became eligible to

receive the compensation from this bonus package. The trial court ruled that the compensation package was not part of the marital estate and awarded the whole package to the defendant. This Court reversed, holding that, because the compensation package was earned before the judgment of divorce was entered, it was part of the marital estate. This Court held that assets earned by a spouse during the marriage are properly considered part of the marital estate. This is true whether the assets are received during the existence of the marriage or after the judgment of divorce. *Id.* at 109-110.

Here, the retention bonus was not earned during the marriage; thus, no portion of the retention bonus was marital property. Plaintiff had not yet earned the $180,000 retention bonus at the time of the parties' divorce. It is undisputed that plaintiff was required to work until May 31, 2009, in order to receive the $180,000 bonus. Although two installation payments were made during the marriage, plaintiff had not earned that money when it was disbursed because he had not satisfied the condition subsequent (i.e., remain employed until May 31, 2009) required by the agreement between him and his employer. If plaintiff had not remained employed by Ford until May 31, 2009, plaintiff would have been required to repay the installments he had previously received. Consequently, plaintiff did not earn the retention bonus until May 31, 2009, which occurred after the judgment of divorce was entered even though part of it had been advanced to him. Unlike in *Byington*, where the compensation package was earned before the entry of the judgment of divorce, no portion of plaintiff's retention bonus was earned during the marriage. The trial court erred when it determined that any portion of the retention bonus was marital property.

Furthermore, the trial court erred when it concluded that the third payment was separate property subject to invasion. A party's separate estate is the property the party generally takes away from the marriage separate from the marital assets, *Reeves, supra* at 494. However, plaintiff did not take his retention bonus away from the marriage because he had yet to earn it. Therefore, the third installment of the retention bonus should not have been considered as separate property, and, as a result, was not subject to division by the trial court at all. We reverse the trial court's award of any portion of the retention bonus to defendant.

### III. AWARD OF FUTURE BONUSES

Plaintiff argues the trial court erred when it granted defendant 40 percent of any bonuses he may earn in the future from his employer. We agree.

Whether or not a future, unearned bonus can be divided in a divorce judgment is an issue of first impression for this Court. "Assets earned by a spouse during the marriage are properly considered part of the marital estate." *Byington, supra* at 110. However, any future bonuses paid to plaintiff in this case will not have been earned during the marriage, and should not have been considered a part of the marital estate.

In this case, the trial court included the award of 40 percent of plaintiff's future bonuses within the property division provisions in the judgment of divorce. Like the retention bonus previously discussed, future, speculative bonuses do not fit into either the category of marital assets, or separate assets, because they do not yet exist. These bonuses were not earned during the marriage and are based solely on the potential occurrence of future events unrelated to the marriage. Thus, the trial court clearly erred when it granted defendant

a 40 percent interest in any future bonuses earned by plaintiff over the course of his prospective career. *Byington, supra* at 110; *Burkey v Burkey (On Rehearing)*, 189 Mich App 72, 76; 471 NW2d 631 (1991) ("The trial court correctly determined that the valuation [of the retirement plan] reached by the trial court could not be dependent upon the happening of future events after the divorce.").

The trial court erred in granting defendant 40 percent of any bonuses plaintiff may earn in the future from his employer.

### IV. EQUITABLE DIVISION OF THE MARITAL PROPERTY

Plaintiff argues that the distribution of the marital estate was inequitable and unfair because the property division was skewed by the inclusion of the awards of plaintiff's retention bonus and any future bonuses. Because our decision reverses the trial court's clearly erroneous conclusions regarding the retention bonus and future bonuses, this issue is now moot.

Reversed.