# STATE OF MICHIGAN

# COURT OF APPEALS

BRENDA SUE MOZADER,

Plaintiff-Appellant,

v

TIMOTHY FRANK MOZADER,

Defendant-Appellee.

UNPUBLISHED
October 9, 2018

No. 340970
Alger Circuit Court
LC No. 2016-007586-DO

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

Plaintiff, Brenda Sue Mozader, appeals as of right the judgment of divorce entered by the trial court following a bench trial. Plaintiff contends that the trial court erred by awarding defendant, Timothy Frank Mozader, the former marital home and spousal support. We affirm.

## I. BACKGROUND

The parties married in 1979. They separated in 2013. Plaintiff filed for divorce in 2016. The parties primarily disputed the fate of the former marital home, a duplex. The parties bought the house in 1984 when defendant's relatives allowed him to take over what remained of the mortgage. Defendant remodeled the property. The parties lived in one half of the duplex and rented out the other half. After the parties separated, defendant executed a quitclaim deed in 2015 to transfer his interest in the house to plaintiff. Defendant contended that plaintiff harassed and threatened him into signing the deed. Plaintiff maintained that defendant had not contributed to the mortgage since December 2006. Defendant stated that he started receiving disability benefits in 2008, which he contributed to the maintenance of the property and shared expenses. A 2016 tax return showed that plaintiff earned nearly $35,000 in 2016, which included $395 per month in rental income. Defendant's annual income was $14,400. Also, the house had a $36,000 tax lien in addition to a remaining mortgage.

At the bench trial, defendant asked for the house, stating that he would not seek spousal support if the trial court gave him the house along with its rental income. He intended to use the rental income to pay the mortgage, which was around $770 per month. The trial court found that the house was marital property because both parties had invested time and resources in the house during the marriage. The trial court awarded defendant the house, but defendant would be responsible for the tax lien and the mortgage. The trial court declined to award spousal support.

-1-

## II. ANALYSIS

This Court reviews for clear error a trial court's findings of fact regarding whether an asset qualifies as marital property. *Skelly v Skelly*, 286 Mich App 578, 581; 780 NW2d 368 (2009). "Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010).

> If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts. The trial court's dispositional ruling is discretionary and will be affirmed unless this Court is left with the firm conviction that it was inequitable. [*Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005) (citation omitted).]

### A. THE HOUSE

Plaintiff argues that the trial court clearly erred by finding that the house was marital property and awarding the house to defendant. We disagree. A "trial court's first consideration when dividing property in divorce proceedings is the determination of marital and separate assets." *Reeves v Reeves*, 226 Mich App 490, 493-494; 575 NW2d 1 (1997). "Generally, assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division, but the parties' separate assets may not be invaded." *Korth v Korth*, 256 Mich App 286, 291; 662 NW2d 111 (2003). Separate assets are generally those "obtained or earned before the marriage." *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). A trial court should equitably distribute marital property in light of all of the circumstances. *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008).

> [T]he following factors are to be considered wherever they are relevant to the circumstances of the particular case: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*McDougal v McDougal*, 451 Mich 80, 89; 545 NW2d 357 (1996) (quotation marks and citations omitted)].

Plaintiff argues that the duplex is separate property, not marital property, because defendant transferred his interest in the house to her in 2015. "When apportioning marital property, the court must strive for an equitable division of increases in marital assets" over the course of the marriage. *Reeves*, 226 Mich App at 493. Property acquired by one spouse after the parties manifest their intent to separate "should still be considered a marital asset, although the presumption of congruence that exists with respect to the distribution of marital assets becomes attenuated and may result in the nonacquiring spouse being entitled to no share or a lesser share of the property in light of all the apportionment factors." *Woodington*, 288 Mich App at 364. In this case, although the trial court acknowledged the existence of the quitclaim deed, the trial court ruled that the termination of defendant's interest in the property was not equitable and that it was marital property. Unlike new property acquired after a separation, defendant's transfer of his interest in the marital home to plaintiff did not negate his contribution to the house during the

course of the marriage. The parties acquired the home in 1984, after they married in 1979. They commingled their assets to maintain the property, pay the mortgage, renovate it, live in it, and rent out half of it. Even after defendant stopped working and started receiving disability benefits, he continued to contribute to the maintenance of the house. Accordingly, the trial court did not clearly err by concluding that the house was marital property.

Further, the trial court's award of the house to defendant was fair and equitable. The trial court noted the length of the marriage, the parties' ages, the income disparity between the parties, defendant's receipt of government benefits, defendant's inability to work because of his injury, both parties' contribution to the upkeep of the house, and the absence of any other marital assets of significant value. Even without the rental income, the trial court correctly noted that plaintiff's demonstrated income was twice defendant's income. Further, the trial court acknowledged that defendant was saddled with a $36,000 tax lien on the house in addition to the mortgage, debts that exceed the monthly rental income. Awarding the house to defendant addressed the trial court's primary concern with the parties' disparate incomes. Therefore, we are not left with the firm conviction that the property division was inequitable.

## B. SPOUSAL SUPPORT

Plaintiff argues that the trial court abused its discretion by awarding income from the duplex's rental apartment to defendant as spousal support. We disagree. We review an award of spousal support for an abuse of discretion. *Woodington*, 288 Mich App at 355. "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. First, the trial court did not award either party spousal support. Moreover, the trial court's purpose in awarding defendant the house was to equalize the parties' incomes, and defendant remained responsible for the debts on the house. Therefore, the trial court did not abuse its discretion when it resolved defendant's request for spousal support by awarding him the house.

We affirm.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel

-3-