*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MINTU SUSAN THOMAS,

      Plaintiff/Counterdefendant-Appellant,

v

SHOBIN SHAJI,

      Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
October 13, 2022

No. 360145
Macomb Circuit Court
Family Division
LC No. 2021-007061-DO

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's judgment of divorce dissolving the marriage between her and defendant. On appeal, plaintiff argues that the trial court erred by granting the parties a divorce and denying her request to instead pursue an annulment. We affirm.

## I. BACKGROUND

Plaintiff filed for divorce on her own behalf against defendant in January 2021. The divorce complaint stated that the parties were married on March 20, 2016, in Bangalore, India, and separated on March 12, 2020. Plaintiff did not request spousal support or a division of property, however, and her complaint stated that the parties did not acquire property or debt during the marriage, nor did they have any minor children together.

Defendant then concurrently filed an answer and a countercomplaint for divorce. Although defendant's answer admitted to the allegations in plaintiff's divorce complaint, his countercomplaint asserted that the parties owned various items of personal property and real estate, and defendant thus requested a reasonable division of property consistent with the facts and circumstances of the case. In response, plaintiff, then represented by counsel, filed an answer to defendant's countercomplaint, which included her own amended complaint. In answering the countercomplaint, plaintiff agreed that property division was necessary. Plaintiff also indicated that she required support for medical and other expenses. Accordingly, plaintiff requested that the court grant the parties a judgment of divorce, enter an agreed-upon property division or order that property be equitably divided, and award her spousal support and attorney fees. Defendant

-1-

answered plaintiff's amended complaint, disputing that she was entitled to spousal support or attorney fees.

Following attempts to resolve the parties' disputes through mediation and settlement, plaintiff's counsel moved to withdraw himself from the case in September 2021, alleging that the attorney-client relationship had significantly deteriorated over the prior month and a half, and, specifically, that plaintiff was refusing to settle and instead wished to pursue at trial allegedly frivolous arguments that could open the door to potential sanctions.

Plaintiff shortly thereafter filed a pro se motion to convert her divorce complaint to an annulment request, arguing that the parties never had a legal or valid marriage required to support a divorce action. According to plaintiff, though she believed the parties were legally and validly married when initially filing for divorce, a recent investigation revealed that the marriage was void under India law. Specifically, there apparently was no governmental record of the parties being married in India, with plaintiff alleging that she merely signed, unbeknownst to her at that time, a "fraudulently created certificate." Plaintiff thus requested that the court either "transfer [her] divorce petition to an annulment process," or else dismiss the case and allow her to file for an annulment.

The trial court granted plaintiff's counsel's request to withdraw in October 2021, and plaintiff represented herself for the remainder of proceedings. Plaintiff then filed a second motion to convert her divorce complaint to an annulment, presenting essentially the same argument as in her earlier motion. In a brief response, defendant maintained that the parties' marriage in India was legal and valid, and that plaintiff was now pursuing an annulment just to have him deported.

A bench trial on the parties' competing divorce claims was subsequently held in November 2021. By way of an opening statement, plaintiff reiterated her request to amend the divorce complaint and pursue an annulment, stating that the parties' marriage was not legal in India and thus void. Plaintiff then testified on her own behalf, explaining, in relevant part, that the parties "never had any type of marital relationship" and never cohabitated together during the purported marriage. Despite plaintiff's testimony, the trial court ultimately concluded that the parties were validly married and entered a judgment of divorce. This appeal followed.

## II. STANDARD OF REVIEW

"In granting a divorce judgment, the trial court must make findings of fact and dispositional rulings." *Skelly v Skelly*, 286 Mich App 578, 581; 780 NW2d 368 (2009) (quotation marks and citation omitted). A trial court's factual findings in a divorce action are reviewed for clear error. *Id*. Findings of fact are clearly erroneous when "this Court is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). "If this Court upholds the trial court's findings of fact, it must then decide whether the dispositional ruling was fair and equitable in light of those facts." *Id*. (quotation marks and citation omitted). "A dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the [decision] was inequitable." *McNamara v Horner*, 249 Mich App 177, 183; 642 NW2d 385 (2002). "Application of the law to the facts presents a question of law subject to review de novo." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 542; 840 NW2d 743 (2013).

III. ANALYSIS

Plaintiff argues that the trial court erred by granting the parties a divorce and denying her request to instead pursue an annulment. We disagree.

MCL 552.3 provides a procedure to annul marriages of doubtful validity:

When a marriage is supposed to be void, or the validity thereof is doubted, for any of the causes mentioned in the [two] preceding sections; either party, excepting in the cases where a contrary provision is hereinafter made, may file a petition or bill in the circuit court of the county where the parties, or [one] of them, reside, or in the court of chancery for annulling the same and such petition or bill shall be filed and proceedings shall be had thereon as in the case of a petition or bill filed in said court for a divorce; *and upon due proof of the nullity of the marriage, it shall be declared void by a decree or sentence of nullity*. [Emphasis added.]

Our Supreme Court has recognized that the validity of marriages performed out of state is governed by the law where the marriage was contracted (i.e., performed) under the doctrine of *lex loci contractus*. See *Romatz v Romatz*, 346 Mich 438, 441-442; 78 NW2d 160 (1956), overruled in part on other grounds by 355 Mich 81 (1959) ("It is a general principal of law that a marriage contracted in another State can be annulled only upon grounds which rendered it void or voidable under the *lex loci contractus*, and a marriage valid where contracted will be recognized as valid in Michigan."); *Noble v Noble*, 299 Mich 565, 568; 300 NW 885 (1941) (applying Indiana law to determine validity because "[t]he marriage could be annulled only upon grounds which rendered it void or voidable under the *lex loci contractus*.").

According to plaintiff, the trial court erred because it failed to consider her evidence that the parties' marriage was void, and because it granted the divorce without any supporting rationale. She asserts that the parties' purported marriage was indeed void under India law, as evinced by a letter from the appropriate foreign governing body, an expert opinion from an attorney in India, and other communications showing defendant's own admissions that the parties were not married, all of which were attached to her trial brief.[1] Accordingly, given the legal invalidity of the parties' marriage under India law, along with Michigan courts' obligation to determine a marriage's validity based on the laws where the marriage was performed, plaintiff claims that the trial court improperly denied her request to pursue an annulment, and particularly so given the court's failure to provide any substantive justification for its ruling. Plaintiff thus requests that this Court either declare the parties' marriage void and invalid and grant them an annulment, or else remand the case for reconsideration of the marriage's validity in light of her supporting evidence.[2] Plaintiff

---

[1] Plaintiff specifically argues that the registration requirement under the Indian Christian Marriage Act, 1872 (ICMA), was not met here.

[2] Plaintiff also requests that defendant be ordered to pay costs for this appeal and to return an unspecified amount of money apparently withdrawn from her bank account. But she fails to provide either facts or any legal analysis justifying such relief. See *Bronson Methodist Hosp v*

also maintains that she initially believed the parties had a valid marriage when filing for divorce, and that she immediately filed to request an annulment once discovering from the applicable government authorities in India that the parties' purported marriage was never legally registered.

As an initial matter, defendant correctly asserts that none of plaintiff's supporting evidence was admitted, or even testified to, at trial. And as a general rule, parties may not expand the record on appeal. See *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011). Furthermore, while we do acknowledge that plaintiff filed a trial brief two days before the bench trial that included various exhibits supposedly supporting her claim, she failed to actually present this evidence at trial; and nothing in the record indicates that the trial court ever considered, or was even aware of, this evidence. See *Wiand v Wiand*, 178 Mich App 137, 143; 443 NW2d 464 (1989) (concluding that the defendant improperly sought to enlarge the record on appeal because he "*failed to introduce at trial* the now appended agreement . . .") (emphasis added). Critically, plaintiff never attempted to offer or even testify to her supporting evidence at trial; nor did she allege any evidentiary error when the court denied her request without addressing her purported evidence.

Accordingly, given that none of plaintiff's documentary evidence was properly before the lower court at trial when it ruled on the parties' divorce, we conclude that plaintiff's additional documentary evidence should be excluded from consideration on appeal. And because the evidence presented at trial supporting plaintiff's annulment request consisted almost entirely of her own unsupported statements that the marriage was void and the parties never cohabitated, we further conclude that she failed to provide sufficient proof of nullity under MCL 552.3 to warrant an annulment in lieu of divorce. The trial court, therefore, did not err in determining the marriage valid and granting the parties a divorce.[3]

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford

---

*Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) ("An appellant may not merely announce his [or her] position and leave it to this Court to discover and rationalize the basis for his [or her] claims, nor may [an appellant] give [an issue] only cursory treatment with little or no citation of supporting authority.") (quotation marks and citation omitted). Our analysis is thus limited to plaintiff's argument concerning the marriage's validity and her related request to pursue an annulment.

[3] While plaintiff also faults the trial court for generally failing to justify its decision denying her annulment request, it presumably was just unpersuaded by her limited verbal testimony at trial.